# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS HARDIN, | ) |
| Plaintiff, | ) No. SACV 16-1559 PSG (AJW) |
| v. | ) MEMORANDUM AND ORDER |
| GARDEN GROVE POLICE DEPT, | ) DISMISSING COMPLAINT |
| OFFICER SANTANA | ) WITH LEAVE TO AMEND |
| OFFICER CARDENAS, | ) |
| Defendants. | ) |

## Proceedings

On August 14, 2016, plaintiff, proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C § 1983. The complaint alleges that in the course of being detained on July 26, 2016, plaintiff was placed in handcuffs that cut off his circulation, was left inside of a patrol car in 100-degree heat for an hour, and that his requests for medical attention were ignored for an hour. [Complaint at 5]. Plaintiff names as defendants Police Officer Cardenas in both his individual and official capacity, Police Officer Santana in both his individual and official capacity, and the Garden Grove Police Department. [Complaint at 3]. As relief, petitioner seeks monetary damages. [Complaint at 6].

## Standard governing dismissal

In civil actions where the plaintiff is proceeding IFP, Congress requires district courts to dismiss the complaint if the court determines that the complaint, or any portion thereof: (1) is frivolous or malicious;

1  (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who
2  is immune from such relief.  See  28 U.S.C. § 1915(e)(2), 1915A(b). In determining whether dismissal is
3  warranted for failure to state a claim, the Court applies the standard of Federal Rule of Civil Procedure
4  12(b)(6): "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that
5  is plausible on its face." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Ashcroft v. Iqbal,
6  556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the
7  plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is
8  liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
9  544, 570  (2007)).

10  In applying the foregoing standard, the Court must construe the pleadings liberally and afford the
11  plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam); see Hebbe
12  v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(stating that "we continue to construe pro se filings liberally
13  when evaluating them under Iqbal," and "particularly in civil rights cases, . . . to afford the [plaintiff] the
14  benefit of any doubt") (citation omitted). In giving liberal interpretation to a pro se complaint, however, the
15  Court may not supply essential elements of a claim that were not initially pled, Byrd v. Maricopa County
16  Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir.), cert. denied, 563 U.S. 1033 (2011), and the Court need not
17  accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
18  inferences," Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

19  Finally, where a complaint is subject to dismissal for failure to state a claim, the court must provide
20  a pro se litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the
21  complaint could not be cured by amendment." Akhtar, 698 F.3d at 1212 (internal quotation marks omitted);
22  see Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

23  **1. The Complaint in general**

24  Pursuant to section 1983, plaintiff bears the burden of pleading and proving two essential elements:
25  (1) conduct that deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws
26  of the United States; and (2) the alleged deprivation was committed by a person acting under the color of
27  state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Complaint does not identify what, if any, federal
28  statutory or constitutional right that petitioner alleges defendants violated.

2

**2. Claims against Officer Santana and Officer Cardenas in their official capacity**

The Complaint sues Officers Santana and Cardenas in their official and personal capacities. A personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law while an official-capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-167, (1985) (quoting Monell v. Dep't of Social Servs., 436 U.S. 658, 690-691 (1978).

Plaintiff's claims against Officers Santana and Cardenas in their official capacities are really claims against the municipal entity itself, which in this case is the Garden Grove Police Department. See Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991). As such, pursuing a claim against these defendants in their official capacity is improper and redundant. See Wisler v. City of Fresno, 2007 WL 833060, at *6 (E.D. Cal. Mar. 16, 2007) (dismissing claims against police officer defendants in their official capacity, explaining that "when officers in their official capacity and the local government entity for whom they work are both named in a lawsuit, the officers in their official capacity are redundant defendants and may be dismissed"); Luke v. Abbott, 954 F. Supp. 202, 202, 204 (C.D. Cal. 1997) (same).

**3. Claims against Defendant Santana in his individual capacity**

To demonstrate a civil rights violation against a government official, a plaintiff must show either direct, personal participation of the official in the harm or some sufficient causal connection between the official's conduct and the alleged constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1205-1206 (9th Cir. 2011); see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983, there must be a showing of personal participation in the alleged rights deprivation.").

The Complaint contains no allegations at all regarding Officer Santana. Plaintiff fails to indicate what act (or failure to act) he attributes to Officer Santana. In fact, it is not evident from the Complaint that Officer Santana was even present during plaintiff's arrest or detention. See Melegrito v. Citimortgage, Inc., 2011 WL 2197534, at *6 (N.D. Cal. Jun. 6, 2011) (dismissing for failure to state a claim, explaining that "[u]nder Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief.") (citations omitted); see generally McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (explaining that Rule 8 is designed to

provide defendants with fair notice of the claims against them and the grounds on which those claims rest).[1]

**4. Claims against the Garden Grove Police Department**

A municipality "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell., 436 U.S. at 690-691. A municipality may be liable under section 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690; see Los Angeles County, Cal. v. Humphries, 562 U.S. 29, 33-34 (2010). The Complaint does not allege facts plausibly suggesting that the Garden Grove Police Department is liable for any alleged constitutional violation.

Based upon the foregoing defects, plaintiff has three options:

(1) Plaintiff **may continue this action in this court** by filing a document labeled **"First Amended Complaint" ("FAC")** bearing case number SACV16-1559-PSG (AJW) within **twenty-one (21) days** of the date of this order. To withstand dismissal, the amended complaint must attempt to correct the deficiencies described above.

(2) Plaintiff **may file a "Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order. The timely filing of a notice of intent not to amend will be construed as an indication that plaintiff wishes to challenge the dismissal of his or her complaint by seeking appellate review of this order in the Ninth Circuit Court of Appeals. If plaintiff timely notifies the court in writing of his or her intent not to file an amended complaint, this action will be dismissed with prejudice for failure to comply with Rule 8(a), and plaintiff will be free to appeal the dismissal of his complaint on that ground. Cf. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3) Plaintiff **may do nothing in response to this order**. If plaintiff does not respond to this order by filing either a timely amended complaint or a notice of intent not to amend, plaintiff

---

[1] Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

1  will be deemed to have consented to the dismissal of this action with prejudice under Rule
2  41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply
3  with this court's order.  See Edwards, 356 F.3d at 1063-1066.
4  **Plaintiff is cautioned that failure to respond within the time permitted by this order may result
5  in the dismissal of this action with prejudice**.
6  **IT IS SO ORDERED.**
7  Dated: September 7, 2016

ANDREW J. WISTRICH
United States Magistrate Judge